UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vanda Lawanda Johnson, | ) | |
| | ) | Civil Action No. 4:07-3277-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Evelyn Teague, Regional Director, Samuel | ) | |
| Maiden, Assistant District Director, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

This action arises out of Plaintiff's former employment with the U.S. Office of Federal Contract Compliance Programs (OFCCP).  Presently before the court is Defendants' Motion to Dismiss (Document # 35) filed February 22, 2008.  Because Plaintiff is proceeding pro se in this action, she was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of her Complaint.  Plaintiff filed two Responses (Documents # 39 and 41) to the Motion.   Defendants argue that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC.  Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.   FACTUAL HISTORY

Plaintiff was employed with the OFCCP from 2003 to July 11, 2005.   In her Complaint, she appears to assert that she was subjected to improper treatment during and in the course of her

employment. The claims asserted by Plaintiff in her Complaint are not entirely clear. She asserts

that she is claiming the following violations:

> Ethics Code, Insubordination Obstruction of Separation of powers code in job classification, obstruction of justice, corruption of justice due harm, abuse of separation of powers coercion, Title VII law code, wage discrimination glass ceiling, workplace harassment, intimidation and bullying, review fixing, performance evaluation fixing, obstruction of separation of powers, organize activity-RICO Act, violation of color of law section 242 of title 18, defamation of character in workplace, verbal abuse and name calling.

Complaint at 3. It is clear that she was a federal employee employed with the OFCCP from 2003

until July 11, 2005[1]. The named Defendants are all employees of the OFCCP. Plaintiff claims fall

under either Title VII or the Federal Tort Claims Act (FTCA).[2]

Defendants move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.

Defendants argue this court lacks jurisdiction over Plaintiff's claims under either Title VII or the

FTCA because she has failed to exhaust her administrative remedies. Furthermore, they assert that

her Title VII claims should be dismissed for failure to state a claim because the named Defendants

are not proper parties to a Title VII case.

## III.     STANDARD OF REVIEW

### A.     Liberal Construction for <u>Pro Se</u> Parties

Plaintiff is a <u>pro se</u> litigant, and thus her pleadings are accorded liberal construction. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Estelle v. Gamble</u>, 429 U.S.97 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Loe v. Armistead</u>, 582 F. 2d 1291 (4th Cir. 1978); <u>Gordon v. Leeke</u>, 574 F. 2d 1147 (4th

---

[1] Defendants assert that she voluntarily resigned. Plaintiff asserts that her resignation was not voluntary.

[2] Plaintiff raises 18 U.S.C. § 242, which is a criminal statute that does not provide a private right of action.

Cir. 1978). <u>Pro</u> <u>se</u> pleadings are held to a less stringent standard than those drafted by attorneys. <u>Hughes</u>, 449 U.S. at 9. Even under this less stringent standard, however, the <u>pro</u> <u>se</u> Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Rule 12(b)(1)

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. <u>Richmond, Fredericksburg & Potomac R. Co. v. U.S.</u>, 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir.1982); <u>see</u> <u>also</u> <u>Richmond, Fredericksburg & Potomac R. Co.</u>, 945 F.2d at 768. It is well-established that parties must exhaust prescribed administrative remedies before the federal courts have jurisdiction over the issues raised. <u>See</u> <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); <u>Guerra v. Scruggs</u>, 942 F.2d 270, 276 (4th Cir.1991).

### C.     Rule 12(b)(6)

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. <u>Edwards v. City</u>

of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In

considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the

plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations.

Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

## VI.     DISCUSSION

### A.     Title VII Claims

As amended, Title VII of the Civil Rights Act of 1964 creates a right of action for both

private-sector and certain federal employees alleging employment discrimination on the basis of

race, color, religion, sex, or national origin.  See 42 U.S.C.A. § 2000e-5(f)(1) (private-sector

employees); 42 U.S.C.A. § 2000e-16(c) (federal employees).  Federal employees alleging such

discrimination must first exhaust their administrative remedies before exercising this right.  Brown

v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976). [3]

A federal employee who believes that his employing agency discriminated against him in

violation of Title VII must file an administrative complaint with the agency that allegedly

discriminated against the employee.  See Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (citing

29 C.F.R. § 1614.106).

Plaintiff fails to establish that she submitted a claim of discrimination to the agency prior to

filing this action.  Nothing in her Complaint indicates that she filed an administrative complaint with

the agency prior to filing suit.  In Response to Defendant's Motion, she attaches a letter from Chief

---

[3]Section 2000e-16 provides the exclusive judicial remedy for claims of discrimination by
federal employees.  See Brown v. General Serv. Admin., 425 U.S. 820, 835 (1976); Zombro v.
Baltimore City Police Dept., 868 F.2d 1364, 1368 (4th Cir. 1988).  Therefore, to the extent
Plaintiff seeks relief for discrimination under any other statute, the claim is barred.

Administrative Law Judge John M. Vittone of the U.S. Department of Labor's Office of Administrative Law Judges (Document # 41 at p. 11), which references a submission made by Plaintiff:

> Dear Ms. Johnson,
>     We received your letter dated December 19, 2007, attempting to file a complaint with our office. The Office of Administrative Law Judges with the Department of Labor is a court of limited jurisdiction. As such, in order to docket a claim, it must clearly state the jurisdictional basis for filing the matter with our office. After carefully reviewing your submission, we are unable to determine the jurisdictional basis for docketing the claim here. Please find enclosed the materials we received from you.

Id. The letter does not indicate the type of complaint Plaintiff attempted to file, and, in any event, is insufficient to establish that she exhausted her administrative remedies prior to filing this action. Thus, Plaintiff's Title VII claims are not properly before this court and must be dismissed.

However, even if Plaintiff had exhausted her administrative remedies, her discrimination claims must still be dismissed. A federal employee alleging violations of Title VII may sue only "the head of the department, agency, or unit," in his or her official capacity and no one else. See 42 U.S.C. § 2000e-16(c). The OFCCP falls under the United States Department of Labor. See Maiden Aff. at ¶ 1. Thus, the appropriate Defendant in this action would be the Secretary of the Department of Labor. See Jones v. Brennan, 401 F.Supp. 622, 627 (N.D.Ga 1975). The named Defendants are all employees of the OFCCP and are not liable for the claims asserted by Plaintiff. See Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180-181 (4th Cir.1998) (finding no individual liability under Title VII). Accordingly, Plaintiff's Title VII claims must be dismissed.

**B.    Tort Claims**

It is well established that the United States, as sovereign, is immune from suit unless it consents to suit.  United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA is a limited waiver of sovereign immunity and must be strictly construed.  Lane v. Pena, 518 U.S. 187, 192 (1996); McNeil v. United States, 508 U.S. 106 (1993).

Claims brought under the Federal Tort Claims Act (FTCA) must be presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. §2401(b).  Also, the claim must be "presented" prior to an action being commenced in court.  28 U.S.C. §2675(a).  Section 2675(a) states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The presentment of an administrative claim is jurisdictional and can not be waived. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).  "Presenting" a claim requires written notification and a claim for money damages in a sum certain.  28 C.F.R. §14.2(a).

The "notice" prong of the administrative claim requires "adequate notice [to the Government] to properly investigate the underlying incident so that it may either reasonably assess its liability or competently defend itself."  Drew v. United States, 217 F.3d 193, 197 (4th Cir. 2000).[4]

---

[4]  As noted in *Drew*, "in enacting §2675, Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' S. Rep. NO. 1327, 89th Cong., 2d Sess. 2 (1966), reprinted in 1966 U.S.C.C.A.N. 2515, 2516. . . . The purpose of this notice is 'is to protect the [Government] from the expense of needless litigation, give it an opportunity for

Defendants assert that Plaintiff failed to present her claim to the United States Department of Labor prior to filing suit. Plaintiff fails to indicate anywhere in her Complaint that she filed such a claim. Furthermore, Defendants attach the affidavit of Catherine P. Carter, Counsel for Claims and Compensation, Office of the Solicitor, United States Department of Labor, who coordinates the receipt and consideration of administrative claims filed with the Department of Labor pursuant to the Federal Tort Claims Act. Carter Aff. at ¶ 1. Carter avers that a search of the relevant records failed to disclose any filing by Plaintiff of a claim for money damages in a sum certain. Id. at ¶ 3. In Response to Defendants' Motion to Dismiss, Plaintiff submits documents that indicate that she filed such a claim after she filed the present action. Plaintiff submits a copy of Standard Form 95, which is entitled, "Claim for Damage, Injury, or Death" (Document # 39-7). The form contains a signature date of February 26, 2005. However, it lists the date of injury as October 31, 2007, and lists the case number for this action in several places. The signature date is clearly an error, and the fact that Plaintiff lists this case number on the form indicates that it was filed after this action.

Because Plaintiff did not submit a claim to the Department of Labor prior to filing this action, this court lacks jurisdiction over the subject matter and Plaintiff's claims must be dismissed.[5]

## V.    CONCLUSION

In light of the above analysis, it is recommended that Defendants' Motion to Dismiss be granted (Document # 35) and this case be dismissed for want of jurisdiction. If this recommendation

---

investigation, and allow it to adjust differences and settle claims without suit.' S.Rep. at 7; 1966 U.S.C.C.A.N. at 2517." Drew, 217 F.3d at 198, n. 3.

[5]Regardless of whether Plaintiff exhausted her administrative remedies under the FTCA, the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., provides the exclusive remedy for federal employees who are injured while on the job. Thus, this court lacks jurisdiction over any such claim.

is accepted by the district judge, all other pending motions will be moot.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 22, 2008
Florence, South Carolina.

**The parties' attention is directed to the important notice on the following page.**