IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vanda Lawanda Johnson, ) | C/A No.: 4:07-3277-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Evelyn Teague, Regional Director, et al. ) | |
| ) | |
| Defendants. ) | |

Pending before the court is [35] Motion to Dismiss filed by the defendants pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The complaint in this case was filed by the plaintiff proceeding *pro se* on September 28, 2007. Plaintiff filed Answers to Court's Special Interrogatories on October 23, 2007 and an Amended Complaint on October 23, 2007. The action appears to be based on allegations relating to her former employment with the United States Office of Federal Contract Compliance Programs (OFCCP) in Charlotte, North Carolina.[1] The Amended Complaint states, *inter alia*, regarding her claims:

> I am claiming the following violations: Ethics code, insubordination obstruction of seperation of powers, code in job classification, obstruction of justice, corruption of justice due harm, abuse of seperation of powers coercion, Title VII Law Code, wage discrimination glass ceiling, workplace harassment, intimadation and bullying, review fixing, performance evaluation fixing and obstruction of sepration of powers organize activity-Rico Act, violation of color of law section 242 of Title 18, defamation of character in workplace, verbal abuse and name calling.

This matter is now before the undersigned for review of the Report and Recommendation ("the

---

[1] Service was effected upon defendants Evelyn Teague, Samuel Maiden, and Jerome Geathers who were all employed by the OFCCP according to the Amended Complaint. *See* Docket Entry Nos. [27, 28, and 29].

Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers recommends that the defendants' motion to dismiss be granted. Plaintiff filed objections to the Report on July 30, 2008.

> In conducting its review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge recommends that the motion to dismiss be granted on the basis of failure to exhaust under Title VII and the Federal Tort Claims Act and further recommends that the Title VII claims be dismissed on the basis that a Title VII action must be brought against the "head of the department, agency, or unit" in his or her official capacity as provided by 42 U.S.C. § 2000e-16(c) and the plaintiff has not brought the action against the Department of Labor, only employees of the OFCCP.[2]

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. . . ([T]he district court)

---

[2] The Affidavit of Samuel B. Maiden attached to the Motion to Dismiss indicates that the Office of Federal Contract Compliance Programs is a part of the United States Department of Labor. (Docket Entry # 35-3).

2

may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). A complaint must be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008), *citing Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

Plaintiff has failed to file specific objections to the Report and, as such, her objections cannot be considered by this Court because it does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure. Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

However, since the plaintiff is proceeding *pro se*, the Court will attempt to glean the basis of her objections. She states that she has identified the administrative officials of the Department of Labor which have been served as parties in this action and also refers to the Teamsters Union representatives who have not been served. She also appears to assert that the internal government documents regarding the investigation are not subject to discovery.

First, as to the plaintiff's allegations that can be construed as an attempt to bring a Title VII claim, it is apparent that the plaintiff has not brought the action against the proper party, the Department of Labor and that, even if she had sued proper parties, she has not shown that she has complied with the

3

proper procedures to exhaust her administrative remedies. Therefore, her claims that could be construed as Title VII claims are dismissed for lack of subject matter jurisdiction.

In addition, it is well- settled that federal employees are subject to Title VII and that other statutory remedies for discrimination in employment are preempted by Title VII. *See Pueschel v. U.S.*, 369 F.3d 345, 353 (4th Cir. 2004).

Moreover, as argued by the government, if the plaintiff's amended complaint can be construed as attempting to state a claim for common law torts, the plaintiff has not shown that she exhausted her administrative remedies pursuant to the FTCA in that she did not file a timely administrative claim.[3] Moreover, regardless of whether the plaintiff has exhausted her administrative remedies under the FTCA, the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq*. provides the exclusive remedy for federal employees who are injured on the job.

Accordingly, the Court overrules all objections and adopts the Magistrate's Report and Recommendation. The  motion to dismiss filed by the defendants is **GRANTED**.  The other pending motions are deemed moot.

---

[3] The waiver of immunity in the FTCA does not apply to "any claim arising out of assault, battery . . . libel, slander, misrepresentation, deceit, or interference with contract rights" except "with regard to acts or omissions of investigative or law enforcement officials of the United States Government." 28 U.S.C. § 2680. *See also, Corey v. McNamara*, 409 F.Supp.2d 1225 (D. Nev. 2006) (prosecution of local union grievances do not exhaust administrative remedies under the Federal Tort Claims Act.). A RICO claim cannot be brought against the United States government or government employees sued in their official capacities. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 26, 2008

Florence, South Carolina